{¶ 30} I respectfully disagree with the analysis and disposition of this case by the majority.
 {¶ 31} I have previously expressed my disagreement with the conclusion reached in Epps v. Epps, 2001 WL 914132 (Ohio 5th Dist.) (See In re Logan Nicole Talkington, 2004 WL 1784603 (Ohio App. 5th Dist.).
 {¶ 32} The trial court in the case sub judice indicated that it gave special consideration to appellant's position. The trial court then basically disregarded the appellant's position on visitation. The trial court did so based on the best interest of the children.
 {¶ 33} I find that the United States Supreme Court in Troxelv. Granville, (2000) 530 U.S. 57 indicated that the only time a State can interfere with a fit parent's fundamental right to rear his/her child is when that interference is necessary to prevent harm or potential harm to the child. I do not find that the trial court followed Troxell when deciding the case sub judice. Therefore, I would reverse the decision of the trial court.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Common Pleas Court, Division of Domestic Relations, is affirmed. Costs assessed to Appellant.